Signed and Filed: December 9, 2013



_____
**DENNIS MONTALI**
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br>MELVIN ROBERT WEIR, fdba SIERRA EQUIPMENT RENTAL, INC., aka MEL WEIR,<br>       Debtor.<br>_____<br>ARCH INSURANCE COMPANY,<br>       Plaintiff,<br>v.<br>MELVIN ROBERT WEIR, fdba SIERRA EQUIPMENT RENTAL, INC., aka MEL WEIR,<br>       Defendant.<br>_____ | Bankruptcy Case<br>No. 13-10048AJ<br>Chapter 7<br><br><br><br>Adversary Proceeding<br>No. 13-3176DM |

MEMORANDUM DECISION GRANTING MOTION TO DISMISS FOURTH CLAIM OF
FIRST AMENDED COMPLAINT

  On December 6, 2013, this court held a hearing on the motion of defendant and debtor Melvin Robert Weir ("Weir"), f/d/b/a Sierra Equipment Rental, Inc. ("Sierra"), a/k/a Mel Weir to dismiss ("MTD") the fourth claim for relief in the first amended complaint ("FAC") to determine dischargeability of debt filed by plaintiff Arch Insurance Company ("Arch"). The court took the

-1-

matter under advisement to review further certain documents appended to the FAC. Having considered those documents and the arguments of counsel, the court will grant the MTD.

In August, 2005, Weir, both individually and as president and secretary of Sierra, executed a general indemnity agreement ("GIA"). The preamble to the GIA recites that it is made "by the undersigned Indemnitors". There are three critical definitions that follow. Sierra is named as Principal, as well as any person, including Indemnitors, "named or referred to as Principal in any bond, undertaking or recognizance." Arch is named as Surety. Indemnitors are "All Persons who sign this Agreement." They represent themselves as having a material and beneficial interest in Surety's issuance of Bonds on behalf of Principal.

The two signature blocks of the GIA at issue are as follows:

```
Principal/Indemnitor: Sierra
                     Equipment Rental, Inc.
By: s/s Melvin R. Weir
Print Name: Melvin R. Weir
Its: President and Secretary

Principal/Indemnitor: Melvin R. Weir
By: s/s Melvin R. Weir
Print Name: Melvin R. Weir
Its: Individual Indemnitor & Owner of
     Sierra Equipment Rental, Inc.
```

This second block is the only place Weir's name is linked directly to the word "Principal."

Paragraph 19 of the GIA provides:

> TRUST FUNDS - Principal and Indemnitors agree and expressly declare that all funds due or to become due under any Bonded Contract are trust funds, whether in the possession of Principal or another and whether designated trust funds or not, for the benefit and payment of all persons to whom Principal incurs obligations in the performance of such contract, for which Surety would be liable under any Bond. If Surety discharges any such obligation, it shall be entitled to

-2-

assert the claim of such person to the trust funds.

In January, 2011, Arch bonded Sierra's payment and performance obligations on two roadway construction contracts with CalTrans. In the two bonds Sierra <u>alone</u> is defined as "Principal." Weir's name does not appear in either bond.

Citing *Poynter v. Great Am. Ins. Co.,* 459 B.R. 679 (Bankr. W.D. Ky. 2011), *aff'd* 482 B.R. 557 (W.D. Ky. 2012), *aff'd*, --- Fed. App'x —., 2013 WL 4779583 (6th Cir. Sept. 6, 2013), Arch contends that the foregoing paragraph created an express trust that includes all funds due under the Caltrans contracts for which it acted as a surety for Sierra. It argues that Weir, who signed the document as both an indemnitor and a principal, was a fiduciary of this trust. The bankruptcy court in *Poynter* determined that state law called for four elements to prove the existence of a trust. It was satisfied that all were present, especially a trustee who administers the res for the benefit of the beneficiary. 459 B.R. at 682. The district court and the court of appeals agreed. This court cannot find language in the indemnity agreement there that identifies the debtor as a trustee.

Weir relies on *SureTec Ins. Co. v. Munson (In re Munson)*, 2011 WL 845846 (Bankr. C.D. Cal. Mar. 9, 2011). In *Munson,* the court analyzed California trust law, and concluded that the similar trust language in similar indemnity agreement did not "as a matter of law" impose fiduciary duties upon the individual indemnitors even though they executed the agreement:

> If a trust was created, it imposed the fiduciary duty obligations on the corporation, the receiver and disburser of the project funds. The individuals signing the [indemnity agreement] were creating only a creditor-debtor relationship (and a contingent one at

-3-

that) between the Plaintiff and the individuals. *Id.* at *3. This court agrees with the *Munson* court that the GIA here did not create an express trust for which indemnitors would be considered trustees. Whatever applicability *Poynter* has is beside the point, given the absence of any proof that Weir agreed to be a trustee.

The absence of Weir's name from the bonds and the specific terms of the GIA referred to above, prevent construing a signature block that specifically shows Weir as an "Individual Indemnitor" and the owner of Sierra as something that makes him a trustee. Therefore, the court will grant the MTD.

Counsel for Weir should upload and serve an order (in accordance with B.L.R. 9021-1) granting the MTD for the reasons set forth in this memorandum decision. The next status conference will be held on January 31, 2014, at 1:30 p.m.

*** END OF MEMORANDUM DECISION ***